**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**ALAIN GOETZ**
      Frond M, Villa 39, Palm Jumeirah
      Dubai, United Arab Emirates

                   *Plaintiff,*

      v.

**ANDREA M. GACKI, in her official capacity as**
      **Director of the**
      **United States Department of the Treasury**
      **Office of Foreign Assets Control**
      1500 Pennsylvania Avenue, NW
      Washington, D.C. 20220

                   *Defendant,*

and

**THE UNITED STATES DEPARTMENT**
**OF THE TREASURY, OFFICE OF FOREIGN**
**ASSETS CONTROL**
      1500 Pennsylvania Avenue, NW
      Freedman's Bank Building
      Washington, D.C. 20220

                   *Defendant.*

_____

) Civil Action No.

) **COMPLAINT FOR DECLARATORY**
) **AND INJUNCTIVE RELIEF**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Alain Goetz brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, in her official capacity, and in support of this complaint alleges:

## INTRODUCTION

1.      Alain Goetz ("Goetz") is a Belgian expert in precious metals and is the founder and former Chief Executive Officer ("CEO") of African Gold Refinery Limited ("AGR"), a gold refinery located in Entebbe, Uganda.

2.      While he is no longer operating AGR, Goetz's efforts and initiatives in the gold sector during his time as CEO of AGR created jobs and promoted the vital transfer of skills and technology to local populations in the Great Lakes Region. Further, over the past decade, Goetz has consistently advocated for reform in the gold supply chain and the implementation of strict national regulations, as well as regional and international guidelines and accreditation standards, to combat illicit gold trade in Africa.

3.      In recent years, Goetz became aware of certain false allegations brought by business competitors and known gold smugglers related to his role in the African gold sector—specifically, the alleged sourcing, refining, and selling of conflict gold. Accordingly, Goetz endeavored to clarify such misconceptions and cooperated with intergovernmental and nongovernmental organizations alike, such as the United Nations and The Sentry, in the mutual interest in improving the oversight of the gold mining and refining sectors.

4.      Despite these efforts, such false rumors regarding Goetz persisted in open-source reporting, and were ultimately relied upon by OFAC to impose sanctions targeting Goetz.

5.      Goetz, being aware of OFAC's past reliance on false open-source reporting to sanction other parties, requested that the agency stay any sanctions investigation or sanctions action targeting him. In doing so, Goetz provided OFAC with information and evidence to support his request, clarified certain misconceptions of his proximity to the conflict in the Great Lakes Region, and offered to cooperate with OFAC in any agency proceeding involving him and was

willing to provide OFAC with additional information and documentation to further negate any allegations of sanctionable activities being made against him.

6.      Despite this, OFAC sanctioned Goetz under E.O. 13413, as amended, on the same day that the request was made. In targeting Goetz, Defendants ignored over a hundred pages of information and evidence that Goetz provided and designated him, AGR, and eight companies alleged to be owned and/or controlled by him, under E.O. 13413, as amended. Press Release, U.S. Dep't of the Treasury, Treasury Sanctions Alain Goetz and a Network of Companies Involved in the Illicit Gold Trade (March 17, 2022).

7.      In sanctioning Goetz, Defendants neglected established agency procedures under the Administrative Procedure Act ("APA"), including by failing to consider information relevant to the agency proceeding targeting Goetz.

8.      In light of the above, Goetz appeals to this Court for relief. Goetz initiated a dialogue with Defendants to address any concerns, including by providing information exculpatory to the findings underlying his designation, only to have Defendants disregard that information and designate him anyway. Such actions are arbitrary and capricious on their face and require the Court's intervention to be corrected.

## JURISDICTION AND VENUE

9.      This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*. and the Administrative Procedure Act, 5 U.S.C. §§ 555, 701, and 706. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

11.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which the Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

12.      Plaintiff Alain Goetz is and was at all times herein a citizen of Belgium. He currently resides at Frond M, Villa 39, Palm Jumeirah, Dubai, United Arab Emirates.

13.      Goetz is a precious metals expert who has dedicated much of his life to the gold industry. In 2014, Goetz established AGR, a gold refinery in Entebbe, Uganda. Goetz was a shareholder of AGR until February 2018 and served as the company's CEO until November 2018. Currently, Goetz serves in a limited role at AGR as a consultant and promoter and is not involved in AGR's management at any level.

14.      Goetz has remained a tireless advocate for clean and transparent gold trade, including reform in the gold supply chain through the adoption of rigorous regional and global standards to prevent the sourcing, refining, and selling of conflict gold.

15.     Goetz is subject to sanctions under E.O. 13413, as amended, and his name is included in OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

16.     OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220. OFAC administers U.S. economic sanctions programs, including, *inter alia*, by designating persons under E.O. 13413, as amended, and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures, and Penalties Regulations," and the "Democratic Republic of the Congo Sanctions Regulations," respectively. OFAC imposed sanctions against Goetz under E.O. 13413, as amended.

17.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     Goetz's Initial Request for Stay of Designation

18.     On March 17, 2022, Goetz submitted a request to stay any sanctions investigation or pending action under consideration targeting him. Exhibit A—Initial Request for Stay of Designation. In doing so, Goetz exercised his right under the APA to appear before an agency (i.e., OFAC) via written submission to provide information that may be relevant to a proceeding or action in connection with an agency function.

19.     Goetz's request included substantive arguments and extensive documentation— over 120 pages—negating certain allegations raised by open-source reporting that Defendants considered and/or relied upon in designating him.

20.     Specifically, Goetz provided documents evidencing AGR's due diligence measures to ensure gold traceability in the supply chain, including 1) AGR's account opening Know Your

Customer ("KYC") form, 2) AGR's onboarding process, 3) AGR's client acceptance policy, 4) AGR's precious metals supply chain policy, 5) AGR's anti-money laundering and counterterrorism financing compliance requirements, 6) AGR's country list, 7) AGR's anti-bribery policy compliance handbook, and 8) AGR's employee acknowledgement of AGR's anti-bribery policy. Goetz also provided information regarding AGR's policies and procedures to determine the origin of the gold it sources and refines, including the types of documents it requires from clients before a business relationship is established, employee training programs, and regular independent audits with respect to AGR's compliance with those measures.

21.     Goetz's submission also provided information and supporting documentation that he is no longer a shareholder nor is involved with the management of AGR.

22.     Goetz requested that his submission be included in any administrative record being, or to be compiled, as part of a sanctions investigation involving him that might lead to his designation by OFAC. He also expressed his willingness to cooperate with OFAC and indicated his intention to provide further information and evidence in support of his request.

**B.     OFAC's Designation of Goetz**

23.     On March 17, 2022—following receipt of Goetz's Initial Request for Stay of Designation and without any response whatsoever—OFAC designated Goetz and AGR under E.O. 13413, as amended. Press Release, U.S. Dep't of the Treasury, Treasury Sanctions Alain Goetz and a Network of Companies Involved in the Illicit Gold Trade (March 17, 2022). OFAC also designated eight companies for allegedly being owned and/or controlled by Goetz. *Id.*

24.     OFAC designated Goetz under E.O. 13413, as amended, for allegedly (1) being responsible for or complicit in, or having engaged in, directly or indirectly, support to persons, including armed groups, involved in activities that threaten the peace, security, or stability of the

Democratic Republic of Congo ("DRC") or that undermine democratic processes or institutions in the DRC, through the illicit trade in natural resources of the DRC; (2) being a leader of AGR, an entity whose property and interests in property are blocked under the Order; and (3) having acted or purported to act for or on behalf of, directly or indirectly, AGR, an entity whose property and interests in property are blocked under the Order. 87 Fed. Reg. 16552 (March 23, 2022).

25.     As a result of his designation, Goetz's name was added to OFAC's SDN List, and his property and interests in property within U.S. jurisdiction are blocked. Further, U.S. persons are generally prohibited from engaging in any transactions or dealings with him; and U.S. and foreign persons engaging in certain transactions or dealings with Goetz are also exposed to derivative sanctions under E.O. 13413, as amended.

26.     OFAC did not disclose the administrative record underlying its determination that Goetz meets the criteria for designation under E.O. 13413, as amended at the time of his designation, nor has OFAC indicated that it intends to disclose that record.

27.     Despite being aware that Goetz has counsel to represent him in OFAC-sanctions related matters, OFAC made no attempt to notify Goetz of his designation at the time it occurred or thereafter. Further, OFAC has made no attempt to respond to Goetz's request to stay the designation, to respond to the information contained in that request, nor to respond to Goetz's offer to cooperate with the agency.

28.     OFAC's press release announcing Goetz's designation contains conclusory allegations against Goetz that directly conflict with information he provided in his request to stay the designation. Specifically, OFAC's press release alleges, *inter alia*, that "Goetz and his network have contributed to armed conflict by receiving DRC gold without questioning its origin" and

"Goetz [is] the overall beneficial owner and/or shareholder of AGR . . . and has been involved in AGR's gold trading activities." *Id.*

29.     At the time OFAC rendered their sanctions determination, the agency was in possession of information rebutting those allegations. There is no indication, however, that OFAC considered that information in compiling the administrative record underlying Goetz's designation nor that they provided reasons why they have discounted the information contained in Goetz's request for stay of designation.

### C.     Harm to Goetz

30.     Defendants' unlawful designation of Goetz has caused substantial harm to Goetz personally, professionally, and pecuniarily, risking his reputation and upending his ability to conduct basic transactions to support his livelihood.

31.     Indeed, by ignoring Goetz's submission, Defendants precluded any opportunity for Goetz to provide information in connection to an ongoing agency proceeding—a right afforded to him under the APA.

32.     Further, as a direct result of his designation under E.O. 13413, as amended, Goetz is the subject of economic sanctions under which U.S. and foreign persons are either prohibited from, or risk sanctions for, engaging in any transactions or dealings with Goetz. Specifically, in announcing Goetz's designation, OFAC expressly stated that U.S. persons are generally prohibited from all dealings with designated or otherwise blocked persons (i.e., Goetz) in addition to his property or interests in property. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Alain Goetz and a Network of Companies Involved in the Illicit Gold Trade (March 17, 2022). OFAC also warned that U.S. persons engaging in certain transactions with Goetz, as prohibited under E.O. 13413, may face civil or criminal penalties. *Id.*

33. Accordingly, due to OFAC's designation, Goetz has become the subject of an international boycott, as parties refuse to transact or otherwise deal with him out of fear of their own exposure to sanctions under E.O. 13413, as amended.

34. Further, the defamatory statements in OFAC's press release have tarnished Goetz's name and reputation on a global scale by erroneously linking him to gold trafficking and the financing of armed conflict in the DRC. This harm will only compound over time so long as he remains subject to U.S. sanctions.

35. Defendants have acknowledged these costs. Indeed, the financial and reputational devastation suffered by Goetz is the intended effect of the sanctions imposed against him. As OFAC has stated, a designation is intended to create "professional, personal, and financial isolation" for the targeted persons. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort (March 22, 2019).

## LEGAL CLAIMS

### COUNT I

### DEFENDANTS' DESIGNATION OF GOETZ UNDER E.O. 13413 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

36. Goetz re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37. Agency action, findings, and conclusions found to be not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

38. The APA provides that persons are permitted to appear before an agency or its employees for the presentation, adjustment, or determination of an issue, request, or controversy

in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency

function. 5 U.S.C. § 555(b). Therefore, the APA provides Goetz the right to submit written

evidence to OFAC that must be considered by the agency as part of a sanctions investigation (i.e.,

an agency proceeding), and incorporated into any administrative record being compiled in

connection with an agency function.

39.     Defendants violated the APA by designating Goetz without considering his written

submission before they undertook the designation action against him. Further, Defendants failed

to include Goetz's submission to the administrative record underlying his designation under E.O.

13413, as amended.

## RELIEF REQUESTED

WHEREFORE, Alain Goetz respectfully requests that this Court:

A.     Issue an order vacating Defendants' designation of Goetz under E.O. 13413;

B.     Order Defendants to rescind their designation of Goetz under E.O. 13413;

C.     Declare Defendants' designation of Goetz under E.O. 13413 to be unlawful;

D.     Order Defendants to disclose the evidentiary memorandum underlying OFAC's
       determination that Goetz meets the criteria for designation under E.O. 13413;

E.     Order Defendants to disclose the full administrative record—including all
       documents and materials reviewed by or otherwise before them—when
       determining that Goetz meets the criteria for designation under E.O. 13413;

F.     To the extent that OFAC's disclosure of the administrative record includes
       redactions to those portions of the record detailing the basis for the designation,
       order Defendants either to produce unclassified summaries of classified or
       otherwise privileged information contained in the administrative record or permit

Goetz's counsel to review the unredacted administrative record in a classified setting;

G.      Grant an award to Goetz of its costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

H.      Any other and further relief as the Court may deem proper.

Dated: April 29, 2022                                    Respectfully submitted,

                                                         /s/ Erich C. Ferrari, Esq.
                                                         Erich C. Ferrari, Esq.
                                                         Ferrari & Associates, P.C.
                                                         1455 Pennsylvania Ave., NW
                                                         Suite 400
                                                         Washington, D.C. 20004
                                                         Telephone: (202) 280-6370
                                                         Fax: (877) 448-4885
                                                         Email: ferrari@falawpc.com
                                                         DC Bar No. 978253

                                                         *Counsel for Alain Goetz*

11