IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAIN GOETZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, Director,<br>Office of Foreign Assets Control, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-1204 (JEB) |

## ANSWER TO COMPLAINT

Defendants Andrea M. Gacki and U.S. Department of the Treasury, Office of Foreign Assets Control (collectively, "Defendants") herby answer Plaintiff's Complaint, ECF No. 1, as follows:

### INTRODUCTION

1. Admitted that Plaintiff Alain Goetz ("Goetz") is the founder of African Gold Refinery Limited ("AGR"), and that he served as a director and/or Chief Executive Officer until at least 2018. Denied that AGR is solely "a gold refinery located in Entebbe, Uganda," rather than also a corporate entity. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Goetz is "an expert in precious metals."

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

3. Denied that Goetz lacked a role in the illicit gold trade. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4. Denied that information relied upon by OFAC to designate Goetz was false or rumors. Admitted that OFAC included open-source reporting in its evidentiary basis for Goetz's designation. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

5. This paragraph purports to characterize arguments and evidence in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations.

6. Admitted that OFAC designated Goetz on the same day that he made his request. The remainder of the first sentence is denied. The second sentence of this paragraph is also denied.

7. This paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, denied.

8. Admitted that Goetz has filed a complaint in this action seeking relief. Denied that he is entitled to any relief. The second sentence of this paragraph is denied. The third sentence of this paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

9. This paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, admitted that the Court has jurisdiction.

10. This paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, denied that Plaintiff is entitled to any relief from the Court.

11. This paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, admitted that venue is proper in this district.

## THE PARTIES

12. Admitted that Goetz was a citizen of Belgium and resided at Frond M, Villa 39, Palm Jumeirah, Dubai, United Arab Emirates, or a materially similar address, at the time of his designation. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13. Admitted that Goetz established AGR in 2014, and that Goetz served as a director and/or Chief Executive Officer of AGR until at least 2018. Denied that AGR is solely "a gold refinery located in Entebbe, Uganda," rather than also a corporate entity. Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Admitted.

16. Admitted. Defendants further aver that OFAC is an office within the Department of the Treasury.

17. The first sentence of this paragraph is admitted. The second sentence of this paragraph consists of Plaintiff's characterization of their cause of action, to which no response is required.

## FACTUAL ALLEGATIONS

18. The first sentence of this paragraph purports to characterize arguments and evidence in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer

the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations. The second sentence of this paragraph consists of Plaintiff's legal argument and conclusions, to which no response is required. To the extent a response is required, denied.

19. This paragraph purports to characterize arguments and evidence in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations.

20. This paragraph purports to characterize arguments and evidence in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations.

21. This paragraph purports to characterize arguments and evidence in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations.

22. This paragraph purports to characterize statements in a submission from Goetz to OFAC on March 17, 2022. Defendants respectfully refer the Court to that submission itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute

legal argument and conclusions or are inconsistent with the submission, Defendants deny the allegations.

23. Admitted that, on March 17, 2022, OFAC designated Goetz and AGR, as well as eight companies for being owned or controlled by, or for having acted or purported to act for or on behalf of, directly or indirectly, Goetz. Otherwise denied.

24. Admitted those are the bases for OFAC's designation of Goetz. Denied those bases are mere allegations.

25. Admitted that Goetz's name was added to the SDN List. The allegations in this paragraph otherwise constitutes legal conclusions, to which no response is required. To the extent a response is required, the Court is directed to the cited executive order for a full and complete statement of its contents.

26. Defendants deny the allegations in this paragraph, except to admit only that as of the date of Goetz's designation, OFAC had not disclosed the administrative record underlying that designation.

27. Denied.

28. This paragraph purports to characterize statements made in a press release by OFAC dated March 17, 2022. Defendants respectfully refer the Court to the press release itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the press release, Defendants deny the allegations. Further, denied that the statements in the press release are mere allegations.

29. The first sentence of this paragraph is denied. As to the second sentence, admitted that Goetz's submission is not part of the administrative record for his designation. Denied that OFAC has "discounted the information contained in Goetz's request for stay of designation."

30. The allegation that Goetz's designation was unlawful is a legal conclusion, to which no response is required. To the extent a response is required, denied. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Denied that Defendants ignored Goetz's submission. The allegations in this paragraph otherwise constitute legal arguments and conclusions, to which no response is required. To the extent a response is required, denied.

32. The first sentence of this paragraph constitutes legal arguments and conclusions, to which no response is required. The remaining sentences of this paragraph purports to characterize statements made in a press release by OFAC dated March 17, 2022. Defendants respectfully refer the Court to the press release itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the press release, Defendants deny the allegations.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34. Denied that statements in OFAC's press release "erroneously" linked Goetz to gold trafficking and the financing of armed conflict in the DRC. Further, whether those statements are "defamatory" is a legal conclusion to which no response is required. To the extent a response is required, denied. Finally, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

35. The first sentence of this paragraph is denied. As to the second sentence, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that Goetz has suffered "financial and reputational devastation." Defendants deny the remainder of the allegations in the second sentence, but admit that sanctions restrict interactions

with designated parties. The third sentence of this paragraph purports to characterize statements made in a press release by OFAC dated March 22, 2019. Defendants respectfully refer the Court to the press release itself for a complete and accurate statement of its content. To the extent Plaintiff's characterizations constitute legal argument and conclusions or are inconsistent with the press release, Defendants deny the allegations.

## LEGAL CLAIMS

36.  The answers to all preceding paragraphs are incorporated herein by reference.

37.  This paragraph consists of legal arguments conclusions, to which no response is required. To the extent a response may be deemed required, denied.

38.  This paragraph consists of legal arguments and conclusions, to which no response is required. To the extent a response may be deemed required, denied.

39.  The first sentence of this paragraph consists of legal arguments and conclusions, to which no response is required. To the extent a response may be deemed required, denied. As to the second sentence of this paragraph, admitted that Goetz's submission is not part of the administrative record for his March 17, 2022 designation. Otherwise denied.

## RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to the relief requested in their Prayer for Relief or to any relief whatsoever.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim for which relief can be granted.

2. Defendants at all relevant times acted in accordance with applicable legal authority, and did not violate the Constitution, Administrative Procedure Act, the International Emergency Economic Powers Act, or any other applicable statute or authority.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiff's claims against them be dismissed with prejudice, and that the Court award the Defendants such other and further relief as this Court may deem just and proper.

Dated: December 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

/s/ *Matthew Skurnik*
MATTHEW SKURNIK, NY Bar No. 5553896
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8188
Matthew.skurnik@usdoj.gov

*Counsel for Defendants*