IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALAIN GOETZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREA M. GACKI, Director,<br>Office of Foreign Assets Control, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-1204 (JEB) |

**JOINT MOTION FOR SCHEDULING ORDER**

On December 13, 2022, the Court issued a minute order directing the parties to confer and submit a proposed briefing schedule by December 28, 2022.  *See* Minute Order (Dec. 13, 2022).  Pursuant to that order, the parties now respectfully request that the Court issue a scheduling order providing (1) deadlines for the completion of an ongoing administrative process that may obviate the need for further litigation of this case; and (2) should that process not eliminate the need for further litigation, deadlines for production of the administrative record, any amendment to the Complaint, and briefing of dispositive motions.  The parties' proposed schedule, as well as further background, is set forth below.

On April 29, 2022, Plaintiff filed the instant Complaint, challenging the Office of Foreign Assets Control's ("OFAC") designation of Plaintiff as a Specially Designated National and Blocked Persons ("SDN") pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and Executive Order 13,413, 71 Fed. Reg. 64105 (Oct. 27, 2006), as amended.  *See* Complaint, ECF No. 1.  Specifically, Plaintiff alleges that, on the same date as his designation by OFAC—March 17, 2022—he made a written submission to the agency

1

requesting that it stay any sanctions investigation or sanctions action targeting him, along with information and evidence supporting his request. *Id.* ¶ 5. Plaintiff alleges that OFAC violated the Administrative Procedure Act ("APA") by failing to consider his written submission before undertaking the designation action against him. *Id.* ¶ 39.

The parties initially attempted to reach a settlement, and sought several extensions while they negotiated. *See* ECF Nos. 4–6. Ultimately, however, they were unable to finalize their agreement. *See* ECF No. 9.

Thereafter, OFAC sent a letter to Plaintiff informing him that OFAC did not receive the submission described in his Complaint until after OFAC's Director had already designated Plaintiff, even though that designation had not yet been publicly announced. *See* Ex. A, Letter from Andrea M. Gacki, Director, Office of Foreign Assets Control, to Erich C. Ferrari (December 6, 2022). As a result, OFAC explained, the agency was not in possession of Plaintiff's submitted materials before the agency designated him. *Id.* Nonetheless, in an exercise of its administrative discretion, OFAC informed Plaintiff that it had determined to treat his submission as a petition for delisting pursuant to 31 C.F.R. § 501.807. *Id.* In connection with that petition, OFAC would provide Plaintiff a redacted version of the administrative record supporting his designation, as well as an opportunity for him to submit any additional materials in support of his delisting. *Id.* OFAC also noted that it may reach out with additional questions for Plaintiff as it considers his petition. *Id.* On December 12, 2022, OFAC answered the Complaint, denying that its designation of Plaintiff occurred after receipt of his submission. *See* Answer ¶ 23, ECF No. 10.

The parties respectfully submit that OFAC should be provided an opportunity to first decide the pending delisting petition before proceeding with further litigation. Should OFAC

grant the petition and remove Plaintiff's designation as an SDN, doing so would eliminate any need to litigate Plaintiff's claim. Adjudicating the petition first would thus serve judicial economy, potentially saving the resources of both the parties and the Court. Alternatively, should OFAC deny the petition and litigation be necessary, the agency's explanation would provide a more fulsome record for the Court's review—including the agency's consideration of the very materials Plaintiff alleges OFAC failed to consider prior to his designation.

Accordingly, the parties propose the following schedule, which provides for a decision on the pending delisting petition in advance of production of the final administrative record, any amendment to the complaint, and briefing on dispositive motions:

- January 31, 2023: Deadline for OFAC to produce to Plaintiff the administrative record supporting his designation as an SDN.

- February 28, 2023: Deadline for Plaintiff to provide OFAC with any further information and/or arguments in support of his petition for delisting.

- March 21, 2023: Deadline for OFAC to send any initial questionnaire to Plaintiff.

- April 11, 2023: Deadline for Plaintiff to respond to any initial questionnaire from OFAC.

- April 25, 2023: Deadline for OFAC to send any second questionnaire to Plaintiff.

- May 9, 2023: Deadline for Plaintiff to respond to any second questionnaire from OFAC.

- June 6, 2023: Deadline for OFAC to decide Plaintiff's delisting petition.

- July 4, 2023: Should the delisting petition be denied, deadline for OFAC to produce to Plaintiff the final administrative record supporting both his designation and the decision on his delisting petition, and to file the certified list of contents of the administrative record with the Court. *See* Local Rule 7(n).

- August 1, 2023: Deadline for Plaintiff to file any amended complaint.[1]

- August 22, 2023: Deadline for Defendants to file dispositive motions pursuant to Federal Rules of Civil Procedure 12 and/or 56, as appropriate.

---

[1] Should the parties' proposed schedule be adopted and Plaintiff's delisting petition be denied, Defendants consent to amendment of the Complaint. *See* Fed. R. Civ. P. 15(a)(2).

3

- September 12, 2023: Deadline for Plaintiff to file combined cross-motion for summary judgment and opposition to Defendants' dispositive motions.

- September 26, 2023: Deadline for Defendants to file combined reply in support of their dispositive motions and opposition to Plaintiff's cross-motion for summary judgment.

- October 10, 2023: Deadline for Plaintiff to file any reply in support of his cross-motion for summary judgment.

For the reasons explained herein, the parties respectfully request that the Court adopt their proposed schedule. A proposed order is attached.

Dated: December 28, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

/s/ *Matthew Skurnik*
MATTHEW SKURNIK, NY Bar No. 5553896
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8188
Matthew.skurnik@usdoj.gov

*Counsel for Defendants*

/s/ *Erich C. Ferrari*
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Tel: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Counsel for Plaintiff*