# Exhibit A



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

December 6, 2022

Erich C. Ferrari
Ferrari and Associates, P.C.
1455 Pennsylvania Ave, NW
Suite 400
Washington, DC 20004

Re: Alain Goetz

Mr. Ferrari:

As you are aware, on March 17, 2022, the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) designated your client, Alain Goetz, as a Specially Designated National and Blocked Person (SDN) pursuant to the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701–1708, and Executive Order 13413 (Oct. 27, 2006), "Blocking Property of Certain Persons Contributing to the Conflict in the Democratic Republic of the Congo," as amended by Executive Order No. 13671 (July 8, 2014), "Taking Additional Steps to Address the National Emergency with Respect to the Conflict in the Democratic Republic of the Congo." Specifically, your client was designated for being a leader of African Gold Refinery Ltd., for having acted or purported to act for or on behalf of, directly or indirectly, African Gold Refinery Ltd., and for being responsible for or complicit in, or having engaged in, directly or indirectly, support to persons, including armed groups, involved in activities that threaten the peace, security, or stability of the DRC or that undermine democratic processes or institutions in the DRC, through the illicit trade in natural resources of the DRC.

Pursuant to 31 C.F.R. § 501.807 and OFAC's guidance on "Filing a Petition for Removal from an OFAC List," a person may seek administrative reconsideration of their designation by submitting arguments or evidence that the person believes establishes that an insufficient basis exists for the designation or that the circumstances resulting in their designation no longer apply. Designated persons may also propose remedial steps, such as corporate reorganization, resignations from positions in a blocked entity, or similar steps that the person believes would negate the basis for designation.

We are in receipt of the materials you sent on March 17, 2022, the same date as your client's designation. We are also aware of the lawsuit your client has filed arguing that OFAC violated the Administrative Procedure Act by failing to consider your March 17 submission prior to his designation. *See Goetz v. Gacki*, *et al.*, No. 1:22-cv-01204 (D.D.C.). Contrary to the allegations of your client's lawsuit, OFAC did not receive the materials you sent on Mr. Goetz's behalf until after OFAC's Director had already designated Mr. Goetz, even though that designation had not yet been publicly announced. As a result, OFAC was not in possession of the submitted

materials before it designated your client. We understand there have been settlement discussions between the parties to the lawsuit, but that they have not been successful. *See* ECF No. 9.

At this time, and in an exercise of our administrative discretion in these specific circumstances, we have determined to treat your March 17 submission as a request for delisting pursuant to 31 C.F.R. § 501.807. In connection with this petition, we will be providing you a redacted version of the administrative record of Mr. Goetz's March 17 designation. Should you wish to submit additional material in support of your client's delisting, please do so within 30 days. If you need additional time, please submit a request for extension. As we consider your client's petition, we may also have additional questions for your client. If so, we will reach out to you at that time. All communications related to your client's delisting petition should be directed to OFAC.Reconsideration@treasury.gov. You may also write OFAC at the following:

> U.S. Department of the Treasury
> Office of Foreign Assets Control
> ATTN: Office of Global Targeting
> 1500 Pennsylvania Avenue, N.W. (Freedman's Bank Building)
> Washington, D.C. 20220

Thank you for your cooperation.

> Sincerely,
>
> Andrea M. Gacki
> Director
> Office of Foreign Assets Control